COMMONWEALTH TRIAL COURT

IN THE MATTER OF ) CIVIL ACTION NO. 86-634
)
EMILIO T. LISUA, ) MEMORANDUM OPINION
)
A Missing Person. )
)

This is a petition filed by Saturnina and Rafael Lisua seeking declaratory relief with respect to their son Emilio T. Lisua, a missing person, and for a declaration that their son has died.

The relevant facts are as follows. On or about January 11, 1986, Emilio T. Lisua (hereinafter "Emilio"), then 25 years of age and unmarried, sailed a 15-foot rubber raft boat from Tanapag destined to Charlie Dock, Saipan, in preparation for the next fishing trip with the M/V Olwol, which employed Emilio as a fisherman. He was expected to return home sometime that afternoon. He never returned and has not been heard from or seen since that date.

Failing to return as had been expected, his family notified local government authorities which initiated a search mission

with the assistance of the military from Guam. At about the time he was missing, there was in effect a hazardous surf warning for the island of Saipan and nearby. Such warning prohibited small crafts, such as the rubber boat, from going out to sea. The search for Emilio lasted several days without success. Almost nine (9) months have passed and he has not been heard of or seen since.

After the filing of this petition, a public notice was published for several weeks in the three (3) local papers seeking information as to the whereabouts of Emilio and whether he is presently alive. No response from anybody was received.

The statutory basis, pursuant to which the present petition is brought, is 8 CMC §2106(c), which reads as follows:

> If a person is absent from a continuous period during which they (sic) have not been heard from, and the person's absence is not satisfactorily explained after diligent search or inquiry, and if the person has been exposed to a specific peril of death, this fact shall be considered by the Court, or if there be a jury, shall be sufficient evidence for submission to the jury on the issue of whether the person is dead.[1]

---

[1] This subsection is distinguished from 8 CMC §2106(d) which relates to a presumption of death where a person is absent for a continuous period of five years, whose absence is not satisfactorily explained after diligent search or inquiry, but where the person was not exposed to a specific peril of death.

847

Here, Emilio has not been heard from since January 12, 1986.[2] He was exposed to a specific peril of death due to the high seas and existing bad weather. A diligent search and rescue mission took place immediately and for several days thereafter but to no avail. There is, therefore, a strong presumption that Emilio died in the incident. In the absence of evidence or showing to the contrary, the court concludes that Emilio has died and is so declared.

An issue raised by the court sua sponte at the hearing is with respect to the date of death. A declaration to this effect is necessary for purposes of inheritance and otherwise and needs to be addressed.

The court finds no statutory provision addressing this issue, and in the absence thereof, will be guided by general case law. In the absence of a specific peril, a person is presumed dead after the expiration of time accorded by statute or, in the absence of a statutory period, seven (7) years under the English Common Law. See 22 Am.Jur.2d Death, §314.

---

[2]The phrase "continuous period" in 8 CMC §2106(c) initially troubled the court, in the absence of a statutory definition. There is a need to draw a line in determining whether an absence is continuous. Here, the court concludes that a length of nine (9) months absence is sufficiently continuous under the facts and circumstances of the case as to constitute a continuous period. Other cases may warrant a longer or shorter period depending on the facts presented.

848

However, where the person, such as in Emilio's case, encountered specific peril that might reasonably be expected to destroy life, it could be inferred or presumed that he died before such period. Id., §315. Further, if a person who is last seen in a state of imminent peril that might presumably result in his death is never again heard from, notwithstanding that a diligent search for him was made, an inference of immediate death may be drawn. Id.; Re Thornberg's Estate (Oregon, 1949) 208 P.2d 349. Ordinarily, where a crew is at sea, and subjected to the perils of the seas, the presumption of death is not sufficient, until after the utmost length of time has passed for the vessel to have completed its trip or reached port.

In Emilio's case, it would normally take only a few hours to complete the trip from Tanapag to Charlie Dock. The court, therefore, concludes that given the circumstances of this case Emilio died January 12, 1986.

A judgment, based on the above findings and conclusions shall therefore be entered.

Dated at Saipan, CM, this 1st day of October, 1986.

Jose S. Dela Cruz, Associate Judge